

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION
_____

| | | |
|---|---|---|
| OTHA LEE COOPER, PRO SE, <br> A.K.A. JEROME MARCELLUS COOPER, <br> A.K.A. JEROME VARGAS, <br> TDCJ-CID #1292672, <br> Previous TDCJ-CID # 625624, <br> Previous TDCJ-CID # 675846, <br> 88503-079, <br><br> Plaintiff, <br><br>v. <br><br>NATHANIEL QUARTERMAN, <br>RICHARD D. VOGELGESANG, <br>MICHAEL D. SAVERS, <br>ELBERT P. HAMPTON, <br>VINCENT K. LAW, <br>DENNIS J. MARKGRAF, <br>WILLIAM CULLUM, <br>GEORGENA M. CLOWER, <br>JASON COOK, PENNY S. TURNER, <br>LARRY E. GOUCHER, VIKKI L. CLOWER, <br>CATHERINE M. THOMAS, <br>SANDRA L. THAXTON, <br>TAMALA K. ALVAREZ, <br>JASPER MAXEY, <br>ERIK P. BADILLO, <br><br> Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | 2:07-CV-0161 |

**REPORT AND RECOMMENDATION**

Plaintiff OTHA LEE COOPER, also known as JEROME MARCELLUS COOPER, also

known as JEROME VARGAS, acting pro se and while a prisoner incarcerated in the Texas

Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to

Title 42, United States Code, section 1983 complaining against the above-referenced defendants

and has been granted permission to proceed in forma pauperis. Plaintiff filed a Supplemental Complaint on August 22, 20076 adding new claims to the instant suit.

Plaintiff claims that on various occasions the defendants violated clearly established regulations, policies or laws that resulted in the violation of his rights.

By his original complaint, plaintiff requests various disciplinary cases be expunged, the punishments lifted, and that he suffer no retaliation by the defendants. Plaintiff also requests compensatory damages of $5,000.00 from each defendant and punitive damages of $15,000.00 from each defendant. By his August 22, 2007 Supplemental Complaint, plaintiff requests injunctive relief in the form of a prohibition against retaliation by defendant SAVERS, compensatory damages of $2,000.00 from each defendant and punitive damages of $3,000.00 from each defendant, as well as costs of suit.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears*

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

ORIGINAL COMPLAINT

Plaintiff alleges he received a January 16, 2006 disciplinary case from defendant BADILLO for taking dishwashing compound from the food service when, in fact, he actually gave it to CO Truitt to be put in the cleaning buckets in the dining hall. Plaintiff says the incident was informally resolved but he was, nevertheless, was written a disciplinary case, found guilty, and given 30 days of cell, recreation, and commissary restriction, as well as being dropped from S3 to S4. Plaintiff also alleges he received an April 3, 2006 disciplinary case for refusing to work and was found guilty even though the Laundry Manager "recanted the charging statement." Plaintiff was given thirty days of recreation and commissary restriction. Plaintiff claims these cases violated his right to due process.

A prisoner has a liberty interest only in "freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and these will normally consist of deprivations which clearly impinge on the duration of confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)(quoting *Sandin v. Conner*, 515 U.S. 472, 115

---

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995)). Moreover, the effect on the duration of his sentence that a reduction in class has upon an inmate's ability to earn good-time credits is too speculative and too attenuated to invoke the procedural guarantees of the Due Process Clause. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)(citing *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). Plaintiff's allegations do not indicate that he received a loss of goodtime as punishment for either of these disciplinary cases he challenges. Plaintiff has no federally-protected due process rights with respect to these cases. Plaintiff's claims, therefore, lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff says he filed a grievance against defendant VIKKI CLOWER for using racial slurs but that the grievance was improperly investigated by defendant GEORGENA CLOWER, her daughter, in order to shield VIKKI CLOWER. Plaintiff has no constitutionally protected interest in the grievance system. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claim against defendant GEORGENA CLOWER lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff also alleges he received a disciplinary case for stealing a hotdog from defendant VIKKI CLOWER, and contends it "violates the "reprisal rule of AD-03.82 (Administrative

Directive,". The mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), cert. denied, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claim against defendant VIKKI CLOWER lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff also states that, "upon information and belief," he thinks defendant VIKKI CLOWER has received grievances from numerous prisoners, usually minorities, for using offensive language, but the grievances are always returned. It is clearly established that mere allegations of verbal abuse do not present an actionable section 1983 claim. *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993). Consequently, the remarks plaintiff attributes to defendant VIKKI CLOWER will not support a claim of violation of plaintiff's constitutional rights, and plaintiff has no federally-protected right to grieve these remarks. Further, plaintiff states the answer from defendant SAVERS and the Region V Regional Director's office was wholly inadequate and not in keeping with Board Policy or guidelines. Plaintiff claims his Eighth Amendment rights were violated. Nothing in plaintiff's allegations regarding this incident raises any Eighth Amendment claim of any sort. As to plaintiff's claim that the responses to his complaints or grievances to SAVERS and the Region V Regional Director's office violated policies or guidelines, plaintiff has no federally-protected interested in state policies or guidelines and, therefore, his claim in this respect lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff says he filed a life endangerment report on or about August 17, 2006 when he received threats from defendants GEORGENA CLOWER, Sgt. COFFEY, and CO THOMAS after he was accused of being in possession of tobacco products brought into the unit by CO THOMAS. Plaintiff says he also received cases written by defendant MARKGRAF for possession of contraband (the tobacco) and for establishing an inappropriate relationship with a staff member (CO THOMAS). Plaintiff says the cases were brought to "nullify" his life endangerment report. Plaintiff claims this was a violation of his 5th, 8th, and 14th amendment rights. Initially, the Court notes plaintiff's claims based on allegations of threats lack an arguable basis in law and are frivolous. Mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.); *cert. denied*, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983)(quoting *Coyle v. Hughs*, 436 F.Supp. 591, 593 (W.D.Okla. 1977)). Consequently, the threatening remarks plaintiff attributes to defendants will not support a claim of violation of plaintiff's constitutional rights.

Plaintiff's attachments show the inappropriate relationship case was dismised, but that he was found guilty of the contraband case. Plaintiff's earlier habeas action in this Court reveals he lost no goodtime as a result. Since no goodtime was confiscated upon a finding of guilt, plaintiff had no federally protected due process rights with respect to the case. *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995).

Plaintiff further alleges that, on or about September 1, 2006, he received a minor disciplinary case from defendant THAXTON for attempting to establish an inappropriate relationship with a staff member, but claims this case was written in retaliation for his failure to carry out a "hit" on another inmate for THAXTON. For this minor case, plaintiff received a punishment of thirty days of commissary and cell restriction.

The Court notes plaintiff's grievances of this case set forth two conflicting factual scenarios. In the Step 1 Grievance filed September 14, 2006, no. 2007008957, plaintiff stated defendant THAXTON was working in the picket when she heard him make a vulgar remark about another woman and THAXTON based the disciplinary charge upon a misunderstanding of the person referred to in that remark. However, in the Step 1 Grievance filed September 30, 2006, no. 2007018938, plaintiff stated defendant THAXTON was working on the floor of the pod and, while escorting plaintiff, offered him anything he wanted if he would beat up another inmate[3].

Nevertheless, the Court finds, that, accepting plaintiff's allegation of retaliatory intent as true, plaintiff has not alleged a retaliatory adverse act that is more than inconsequential or *de minimis* and which was capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris v. Powell*, 449 F.3d 682 (5th Cir. 2006).

Plaintiff further claims he suffered a violation of his First Amendment Access to Courts right and violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights when prison officials searched his property, reading his legal documents, and writing him case no. 20070080902 for possession of contraband. Plaintiff alleges that, on November 15, 2006, defendant TAMALA K. ALVAREZ, after first checking with defendant Warden MICHAEL SAVERS, read plaintiff's legal papers and then wrote him a possession of contraband case based on his possession of legal material belonging to another inmate. Plaintiff's contention is that inmates are allowed to receive legal material from another inmate whom they are assisting with legal research if they first comply with prison regulations by submitting an I-60 to the Warden; however, plaintiff admits the I-60 he submitted had not been approved, see, Exhibits 10-14 attached to plaintiff's original complaint.

---

[3] The response by prison officials to this second grievance noted, among other things, that records showed THAXTON worked the picket that day, not on the floor of the pod.

Nothing in plaintiff's allegations concerning this incident implicates the Eighth Amendment prohibition against cruel and unusual punishment. To the extent plaintiff claims his right to Access to Courts was violated, plaintiff does not allege he suffered any actual injury stemming from the alleged unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999).

As to plaintiff's claim of Fourth Amendment violation, prisoners maintain only those constitutional rights which are not inconsistent with the legitimate interests of the prison administration. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). In *Hudson*, the Supreme Court held "that society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his cell." *Hudson v. Palmer*, 468 U.S. at 525-26, 104 S.Ct. at 3200; See, *Valencia v. Wiggins*, 981 F.2d 1440 (5th Cir.), *cert. denied*, 509 U.S. 905, 113 S.Ct. 2998, 125 L.Ed.2d 691 (1993). Thus, the federal courts have found that the Fourth Amendment prohibition against unreasonable searches does not attach to the prison cell. The legitimate prison objective of maintaining constant security far outweighs any right of privacy a prisoner may have. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861 60 L.Ed.2d 447 (1979); *Pell v. Procunier*, 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495, (1974).

The Court reads plaintiff's invocation of the Fifth and Fourteenth Amendments as a claim that his Due Process rights were violated by the perusal of his legal materials during the search; however, plaintiff's basis for that claim is a contention that officials must have failed to comply with prison regulations. In the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), plaintiff has no "created liberty interest of the regulations of Texas Department

of Criminal Justice-Institutional Division." The failure of an officer to follow agency procedural regulations or even the relevant state law is not, without more, a constitutional violation, because the relevant constitutional minima may nevertheless have been satisfied. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). For the reasons set forth above, plaintiff's claims based on the November 15, 1006 search resulting in the possession of contraband case lack an arguable basis in law and are frivolous. *Neitzke v. Williams,* 490 U.S. 319, 325-7, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Next, plaintiff alleges he filed a grievance claiming GOUCHER denied him his medication on February 11, 2007 when he went to the pill window. Plaintiff says GOUCHER violated his rights under the Eighth Amendment and the Americans with Disabilities Act. Review of plaintiff's Step 1 and Step 2 grievance no. 2007098199, attached as Exhibits 18 and 18a to plaintiff's original complaint, provides additional facts to flesh out plaintiff's claim. The grievance shows plaintiff went to the pill window and was asked to step aside to allow another inmate to be processed while the nurse searched his computer records for an order for the requested asthma inhaler. Plaintiff alleges defendant GOUCHER then approached and demanded his I.D. card saying he had entered the dining hall. Plaintiff says he complied but was given a disciplinary case for failing to comply because plaintiff showed GOUCHER the card without actually giving it to GOUCHER. GOUCHER then ordered plaintiff to leave, despite plaintiff's complaint that "you all are trying to kill me by not giving me my medication." The Court notes the grievance response by prison officials reminds plaintiff that the pill window is open each day at 6:00 a.m. and 12:00 p.m. and plaintiff does not indicate anything prevented him from returning to the pill window the next time it

opened to pick up his asthma inhaler. Plaintiff also does not allege he needed the inhaler during the interim; however, had he suffered an attack of asthma, plaintiff had alternative medical treatment available through the unit infirmary.

Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under Title 42, United States Codes section 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07, 97 S.Ct. 285, 291-93, 50 L.Ed.2d 251 (1976). Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). However, plaintiff does not allege he suffered any harm, much less any serious harm, as a result of being denied his asthma inhaler on that occasion. Plaintiff's claim appears to be that, even if he violates, or a guard thinks he has violated, prison regulations, he cannot be ordered to leave the pill window to which he can return at another time, whether he suffers any harm or not. This claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams,* 490 U.S. 319, 325-7, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff claims defendant QUARTERMAN "failed to make his subordinates comply with due process" and defendants VOGELGESANG and HAMPTON "failed to make [their] subordinates follow established law, rules, & policy guidelines." It is clear plaintiff's claims against these defendants are based upon the supervisory capacities of these defendants and their failure to correct the alleged wrong; however, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). Plaintiff's claims against QUARTERMAN, VOGELGESANG, and

HAMPTON lack an arguable basis in law and are frivolous. *Neitzke v. Williams,* 490 U.S. 319, 325-7, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Further, plaintiff's claim against defendant LAW appears to be that, as disciplinary hearing captain, he "failed to follow clearly established law, guidelines, rules and policy." Plaintiff has pointed to no act or omission on which he bases this claim except the disciplinary convictions with which plaintiff disagrees. Since plaintiff lost no accumulated good time credits as a result of any of these disciplinary determinations, plaintiff has no federally protected due process right relating to them, *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)(quoting *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995)), and, therefore, plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams,* 490 U.S. 319, 325-7, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff claims defendant SAVERS was legally responsible for the operation of the Dalhart Unit and for the welfare of all the inmates there. He contends SAVERS "failed to follow clearly established law, guidelines, rules and policy." To the extent plaintiff is actually complaining that defendant SAVERS did not adequately investigate and satisfactorily resolve his grievances, that claim has already been addressed *supra*. The remainder of plaintiff's claim appears to hinge on defendant SAVERS' supervisory position and, like plaintiff's claims against defendants QUARTERMAN, VOGELGESANG, and HAMPTON and for the same reasons, lacks an arguable basis in law and is frivolous. *Neitzke v. Williams,* 490 U.S. 319, 325-7, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

AUGUST 22, 2007 SUPPLEMENTAL COMPLAINT

By his supplemental complaint, plaintiff claims he received a July 25, 2007 disciplinary case for possession of contraband which was wrongly graded major by defendant SAVERS. Plaintiff alleges he told his counsel substitute, Amy Lowery, whom he has not named as a defendant, and also asked her why only his contraband case was graded major when there were approximately twenty written for the same offense. Plaintiff claims "'upon information and belief' . . . this is to be a RETALIATORY MOVE by Asst. Warden Micheal [sic] D. Savers and Capt. Vincent K. Law because of Civil Rights and Criminal Complaints made by plaintiff [upper case in the original]."

Plaintiff states he was found guilty by defendant LAW, the disciplinary hearing officer, and his punishment consisted of thirty days recreation, commissary, and cell restriction, as well as the confiscation of 10 days of accumulated good time credits. Plaintiff says defendant SAVERS also served on the subsequent Classification Committee that lowered plaintiff's custody level. Plaintiff says this was done despite a recommendation from Huntsville that his custody level remain unchanged.

Plaintiff claims the alleged retaliation and harassment violated his rights and constituted cruel and unusual punishment, as well as violating his due process rights.

Nothing in plaintiff's allegations concerning this incident implicates the Eighth Amendment prohibition against cruel and unusual punishment. As to plaintiff's due process claim, in the wake of *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997), the *Heck*[4] doctrine is now applied to the prison disciplinary setting. For this reason, plaintiff's claim is not cognizable under section 1983 without a prior showing of favorable termination, that is, that the

---

[4]*Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

results of the disciplinary hearing have already been overturned, either on administrative appeal, through habeas, or by some other means. Plaintiff's complaint shows he filed a step 1 grievance on the incident, but has not secured its reversal. Further, it has not been reversed or called into question by habeas. Consequently, plaintiff's due process claim must be dismissed with prejudice to being asserted again until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Lastly, plaintiff claims defendant SAVERS' grading of the case as major instead of minor was retaliation "because of Civil Rights and Criminal Complaints made by plaintiff."

The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties and cause federal courts to embroil themselves in every disciplinary act that occurs in state penal institutions. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims. To state claim of retaliation, inmate must allege violation of specific constitutional right and be prepared to establish that but for retaliatory motive, the complained of incident would not have occurred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Mere conclusory allegations of retaliation will not withstand a summary judgment challenge.

Initially, the Court notes plaintiff's allegation of retaliatory intent is conclusory, being supported only by the phrase "on information and belief." Nothing in plaintiff's pleading indicates any basis for that belief except for plaintiff's dissatisfaction with SAVERS' responses to his grievances. Mere conclusory allegations or statements of personal belief are not sufficient. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997); *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988).

Further, the constitutional right plaintiff says triggered the alleged retaliation was "Civil Rights and Criminal Complaints made by plaintiff." A prisoner's right of access to courts encompasses only "a reasonably adequate opportunity to file nonfrivolous legal claims challenging his conviction(s) or conditions of confinement." *Johnson v. Rodriguez*, 110 F.3d 299, 310-311 (5th Cir. 1997) (citing *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996). Plaintiff does not identify the civil rights complaints he made; however, to suffer retaliation for them, they must predate the filing of his supplemental complaint containing the instant claim. Plaintiff's other complaints contained in the instant suit have been analyzed and found to be frivolous. Thus, they will not support a claim of retaliation. As to plaintiff's "Criminal Complaints," plaintiff's attachments to his original complaint indicate those complaints are based on the same incidents as those giving rise to his civil rights claims and are equally frivolous. "[N]either frivolous filings nor secondary litigation activity, *i.e.*, legal research and writing that does not involve preparation of lawsuits challenging a writ writer's own conviction(s) or the conditions of his own confinement, may comprise the basis of a retaliation claim." *Id.* at 311. Plaintiff's claim of retaliation, based as it is on frivolous filings, lacks an arguable basis in law and is frivolous.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Claims filed pursuant to Title 42, United States Code, section 1983, by plaintiff OTHA LEE COOPER, also known as JEROME MARCELLUS COOPER, also known as JEROME VARGAS, be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITH PREJUDICE TO BEING

ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 11th day of February 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).